IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIONICO BLANCO, Jr.<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:09-cr-1 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on Defendant Dionico Blanco's ("Blanco") Motion to Take Deposition of Elvis Dupree ("Dupree"). Blanco also asks the court to order depositions of Agent Mike Tribe and Officer Burnett. Blanco contends that Agent Tribe instructed Dupree not to talk with Blanco's investigator. Due to this alleged obstruction of Defendant's case, Blanco asks that the court order the deposition of Dupree as a sanction. On May 27, 2010 and June 2, 2010 the court held an evidentiary hearing on this issue. For the reasons stated below, the court denies Defendant's motion.

## BACKGROUND

Blanco is charged with possession and intent to distribute crack cocaine. Agent Tribe received information about Blanco from Dupree. Dupree acted as a confidential informant in exchange for leniency because officers found firearms and drug paraphernalia in his home. Following Blanco's arrest, Blanco's investigator contacted Dupree to obtain information about the Strike Force's operation against Blanco. Dupree spoke with the investigator for approximately fifteen or twenty minutes and answered all of his questions. Approximately one week later, Blanco's

investigator attempted to contact Dupree again, but Dupree was not home. Dupree, however, did telephone the investigator later. The investigator told Dupree that he wanted to ask him some additional questions. According to the investigator, however, Dupree said he had been told not to talk with him. Dupree never identified who told him that he was not to talk to the investigator.

Dupree testified that he might have told the investigator that he was not supposed to talk to him, but the testimony was equivocal because Dupree testified his statement was posed more as a question to the investigator.[1] Dupree consistently testified, however, that after the initial conversation with the investigator, Dupree called Agent Tribe and told him about the contact. Agent Tribe then informed Dupree that he did not have to talk with the investigator if he did not want to.[2] Subsequently, Agent Tribe told that Dupree he could talk with the investigator if he so chose.[3] Nothing in Dupree or Agent Tribe's testimony indicated that Agent Tribe, or any other person, told Dupree he was not to talk with the investigator.

## ANALYSIS

Neither Rule 15 nor Rule 16 of the Federal Rules of Criminal Procedure "authorize a party to take discovery depositions of the adversary party's witnesses."[4] A court, however, has "inherent power to control and supervise its own proceedings."[5] Under this authority, a court may sanction

---

[1] Hearing Tr. I, 16:1–23 (Docket No. 123); Hearing Tr., II, 38:22–39:5; 39:19–21 (Docket No. 115).

[2] Hearing Tr. I, 21:13–16; Hearing Tr. II, 29:11–24, 40:5–9.

[3] Hearing Tr. I, 24:13–16.

[4] *United States v. Carrigan*, 804 F.2d 599, 602–03 (10th Cir. 1986) (citation omitted).

[5] *Id.* at 603 (citation omitted).

a prosecutor for obstructing communications with a prospective witness by ordering a deposition.[6] The power to order a deposition, however, is exercised only "in unusual circumstances."[7]

The circumstances of this case do not warrant ordering the deposition of Dupree. While Dupree *may* have told the investigator he was instructed not to talk with him, the evidence does not support that Dupree actually received that instruction from Agent Tribe. Nor is there evidence that any other representative of the government instructed Dupree not to talk to the defendant's investigator. Moreover, Dupree answered all of the questions the investigator asked him during the first interview. Thus, Blanco has had access to this witness, and the court finds no denial of Blanco's rights in this matter.

## CONCLUSION

For the reasons stated above, the court DENIES Blanco's Motion to Take the Deposition of Elvis Dupree.[8] At this time, the court also finds no grounds to order the deposition of Agent Tribe or Officer Burnett.

DATED this 29th day of June, 2010.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[6] *Id.* at 603–04.

[7] *Id.* at 603.

[8] Docket No. 96.